IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-021 |
| | * | |
| TIMETRIUS DONTREZ NEAL | * | |

O R D E R

On October 27, 2021, Defendant Timetrius Dontrez Neal was sentenced to serve 60 months in prison upon his conviction for possessing a firearm by a prohibited person, a violation of 18 U.S.C. § 922(g)(9). After the passage of Amendment 821 (Part A) to the United States Sentencing Guidelines, which provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1(e), Defendant wrote a letter to the Court requesting a reduction of sentence. (Doc. 43, Letter Received on February 13, 2024.) Despite its brevity, the Clerk of Court docketed the letter as a motion to reduce sentence. On April 11, 2024, Defendant filed an actual motion to reduce sentence based upon Amendment 821, though he incorrectly cites to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The statutory authority by which a district court may reduce a sentence if a defendant's sentencing range is subsequently lowered by retroactive amendment to the sentencing guidelines is 18 U.S.C. § 3582(c)(2). Nevertheless, Defendant is advised that his motion based upon

Amendment 821 is properly before the Court and will be considered in due course.

On April 2, 2024, Defendant filed a separate motion for reduction of sentence, which also cites to the compassionate release provision of § 3582(c)(1)(A). Therein, Defendant complains that the Bureau of Prisons has incorrectly applied good-time credits toward his federal sentence. "Authority to calculate credit for time served under [18 U.S.C. §] 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (cited source omitted). To the extent that a federal prisoner is dissatisfied with the BOP's computation of sentence, he must pursue the administrative remedy available through the federal prison before seeking judicial review. United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (quoted source omitted). Thereafter, the federal prisoner may file a petition pursuant to 28 U.S.C. § 2241 in the district of his confinement. Id. Thus, Defendant's remedy here is to exhaust his administrative remedies, and if still dissatisfied, he must file a § 2241 petition in the Southern District of West Virginia, which has territorial jurisdiction over the facility in which he is presently incarcerated.[1] For this reason, the Government's motion

---

[1] The Court notes that to the extent Defendant seeks compassionate release, he has not exhausted his administrative remedies prior to filing the motion and, in any event, he has not provided an extraordinary and compelling reason to grant early release.

2

to dismiss Defendant's motion to reduce sentence based upon the computation of time served (doc. 48) is **GRANTED**. The Clerk shall therefore **TERMINATE** Defendant's motion to reduce filed on April 2, 2024 (doc. 46).

**ORDER ENTERED** at Augusta, Georgia this 16th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA